Filed 1/30/26  P. v. Partee CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON DEE PARTEE,<br><br>    Defendant and Appellant. | D084714<br><br><br>(Super. Ct. No. SCD183228) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Jason Partee, in pro. per.; and Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2005, a jury convicted Jason Dee Partee of attempted murder of a peace officer (Pen. Code,[1] §§ 664 & 187, subd. (a)); assault on a peace officer (§ 245, subd. (d)(1)); shooting into an occupied vehicle (§ 246); and robbery

---

[1]    All statutory references are to the Penal Code.

(§ 211) among other allegations. This court affirmed the convictions in an unpublished opinion. (*People v. Partee* (Mar. 7, 2008, D049649).)

In 2022, Partee filed a petition for resentencing under section 1172.6. The court appointed counsel, received briefing, and held a hearing.

The court determined Partee had made a prima facie case for relief under the statute. The court issued an order to show cause and held an evidentiary hearing. At the completion of the hearing, the court found Partee was the actual shooter in this case and denied relief under section 1172.6.

Partee filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel has not been able to identify any arguable issues for reversal on appeal. Appellate counsel asks the court to independently review the record for error as mandated by *Wende.* We offered Partee the opportunity to file his own brief on appeal. Partee has responded by filing his own brief.

In his brief, Partee complains about appellate counsel's failure to raise issues on his appeal. Partee focuses on the original trial. He disputes evidence at trial, claims some evidence was false, and alleges his attorneys have been incompetent. He does not, however, address issues challenging the trial court's decision in this resentencing proceeding. We resolved the validity of the convictions years ago in our original appeal. Partee's supplemental brief does not identify any arguable issues for reversal of the judgment before us.

The facts of the underlying offenses in this case are adequately addressed in our original opinion on appeal. We will not repeat them here.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified two possible issues which were considered in evaluating the potential merits of this appeal.

1. Whether there is substantial evidence to support the trial court's finding that Partee was the actual shooter in this case.

2. Whether the trial court applied the correct burden of proof.

We have independently reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Partee on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.